IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CONSTRUCTION INDUSTRY LABORERS PENSION FUND, et al.<br>    Plaintiffs,<br><br>v.<br><br>**CARRILLO CONSTRUCTION, L.L.C., et al.**<br>    Defendant. | )<br>)<br>)<br>)<br>) No. 04-4238-CV-C-NKL<br>)<br>)<br>)<br>) |

## DEFAULT JUDGMENT

Upon the motion of the Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Construction Industry Laborers Vacation Fund, Construction Industry Laborers Training Fund, Plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. Plaintiffs herein on the 30th day of September, 2004 filed their Complaint against Defendant K.D.C. Utility, LLC herein; and

2. Defendant K.D.C. Utility, LLC was served through its Registered Agent, Latoya Calton, by Special Process Server with a copy of the Summons and Complaint on the 5th day of October, 2004, at 1400B S.W. 40 Highway, Blue Springs, MO  64015, and therefore the Court has jurisdiction over said Defendant; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant K.D.C. Utility, L.L.C. has failed to answer or otherwise defend as to Plaintiffs' Complaint, or serve a copy of any answer or other defense upon Plaintiffs' attorneys of record or upon Plaintiffs; and Plaintiffs have heretofore filed in the within cause on the 5th day of December, 2005, the following pleadings and caused the same to be mailed by certified mail to: Latoya Calton, Registered Agent of K.D.C. Utility, LLC, 1400B S.W. 40 Highway, Blue Springs, MO 64015:

    a. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

    b. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

    c. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

5. The Court entered a show-cause order on the 28th day of December, 2005 directing Defendant to show cause why default judgment should not be entered against it and caused said Order to be mailed by certified mail to: Latoya Calton, Registered Agent of K.D.C. Utility, LLC, 1400B S.W. 40 Highway, Blue Springs, MO 64015. Nevertheless, no proceedings have been made by Defendant since the institution of this action or the aforementioned Order of the Court to show cause why default judgment should not be entered.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against Defendant, K.D.C. Utility, LLC, jointly and severally, and in favor of Plaintiffs, Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Construction Industry Laborers Vacation Fund, Construction Industry Laborers Training Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

1. For a Judgment in favor of Plaintiffs, Construction Industry Laborers Pension Fund, Construction Industry Laborers Welfare Fund, Construction Industry Laborers Vacation Fund, and Construction Industry Laborers Training Fund, and against Defendant K.D.C. Utility, L.L.C., jointly and severally, for the period *April 15, 2003, to October 31, 2003,* in the amount of **FORTY-NINE THOUSAND, FIVE HUNDRED FIFTY-SIX AND 10/100 ($49,556.10) DOLLARS** as and for delinquent contributions; **NINE THOUSAND, NINE HUNDRED ELEVEN AND 22/100 ($9,911.22) DOLLARS** representing liquidated damages on the unpaid contributions; **NINETY-TWO AND 66/100 ($92.66) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, SEVEN HUNDRED EIGHTY-EIGHT AND 70/100 ($1,788.70) DOLLARS** representing reasonable attorneys' fees; **FIVE THOUSAND, FOUR HUNDRED NINETY-THREE AND 00/100 ($5,493.00) DOLLARS** representing audit costs, for a total of **SIXTY-SIX THOUSAND, EIGHT HUNDRED FORTY-ONE AND 68/100 ($66,841.68) DOLLARS**; and for their costs herein incurred and expended, and that execution issue therefore.

2. For an Order that Defendant be required to specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefit contributions to Plaintiffs on behalf of employees working under the collective bargaining agreements.

3. For an Order that Defendant K.D.C. Utility, L.L.C. be required to put up cash deposits in advance of work and/or enter into an escrow arrangement with Plaintiffs or to post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

4. That Defendant K.D.C. Utility, L.L.C. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

S/ NANETTE LAUGHREY
UNITED STATES DISTRICT JUDGE

DATED:  _January 17, 2006 _____